UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARTA LUCIA DE FEX a/k/a<br>MARTA DE FEX and<br>EUGENIO MONDACA-GASPARINI<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION,<br>LOANCARE, LLC and<br>JPMORGAN CHASE BANK, N.A.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 4:19-cv-00212<br>§ JURY<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant/Counter-Plaintiff JPMorgan Chase Bank, N.A. ("JPMC") files this Answer to Plaintiffs' First Amended Complaint (the "Complaint") and would respectfully show as follows:

**ANSWER TO COMPLAINT**

**I.   SUMMARY**

1. JPMC is without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint, and accordingly denies same.

2. JPMC admits that paragraph 2 of the Complaint provides a brief summary of the nature of the claims asserted by Plaintiffs, but denies the substance of the claims referred to in such summary.

3. JPMC denies the allegations in paragraph 3 of the Complaint and expressly denies Plaintiffs are entitled to the relief sought in paragraph 3 of the Complaint.

## II.   EXHIBITS

4. JPMC admits that the materials identified by Plaintiffs as Exhibits 1-7 were attached to the First Amended Complaint.

## III.   PARTIES

5. JPMC admits the allegations in paragraph 5 of the Complaint.

6. JPMC is without sufficient information to admit or deny whether FNMA was served, but admits that the online docket reflects that FNMA has made an appearance in this case.

7. JPMC is without sufficient information to admit or deny whether LoanCare, LLC was served, but admits that the online docket reflects that LoanCare, LLC has made an appearance in this case.

8. JPMC admits the allegations in paragraph 8 of the Complaint.

## IV.   JURISDICTION AND VENUE

9. JPMC admits the allegations in paragraph 9 of the Complaint.

## V.   FACTUAL BACKGROUND

10. JPMC admits that the property records reflect that Plaintiffs own the Property, but JPMC alleges that such Property is subject to a valid lien evidenced by Exhibit 1 to the Complaint.

11. JPMC admits the allegations in paragraph 11 and further respond that the Texas Home Equity Security Instrument attached to the Complaint speaks for itself.

12. JPMC denies the allegations in paragraph 12 of the Complaint.

13. JPMC is without sufficient information to admit or deny the allegations in paragraph 13 of the Complaint and therefore denies same.

14. JPMC is without sufficient information to admit or deny the allegations in paragraph 14 of the Complaint and therefore denies same.

15. JPMC is without sufficient information to admit or deny the allegations in paragraph 15 of the Complaint and therefore denies same.

16. JPMC is without sufficient information to admit or deny the allegations in paragraph 16 of the Complaint and therefore denies same.

17. JPMC is without sufficient information to admit or deny the allegations in paragraph 17 of the Complaint and therefore denies same.

18. JPMC admits the allegations in paragraph 18 of the Complaint.

19. JPMC admits that Plaintiffs remain current on their loan payments. JPMC denies the remaining allegations in paragraph 19 of the Complaint.

Constitutional Violations

20. JPMC denies that any alleged constitutional violation as listed in paragraph 20(a.) or 20(b.) occurred.

VI.   CAUSES OF ACTION

**Breach of Contract**

21. The averments in paragraph 21 of the Complaint are legal statements in the form of recitations of case law and no response to such legal statements is required.

22. The averments in paragraph 22 of the Complaint are legal statements in the form of recitations of case law and no response to such legal statements is required.

23. JPMC admits that paragraph 23 of the Complaint accurately quotes a portion of paragraph 19 of the Security Instrument

24. JPMC admits that paragraph 24 of the Complaint accurately quotes a portion of section 14 of the Security Instrument. JPMC is without sufficient information to admit or deny the remaining allegations in paragraph 24 of the Complaint and accordingly denies same.

25. JPMC is without sufficient information to admit or deny the allegations in paragraph 25 of the Complaint and accordingly denies same.

26. JPMC is without sufficient information to admit or deny the allegations in paragraph 26 of the Complaint and accordingly denies same.

27. JPMC denies the allegations in paragraph 27 of the Complaint.

28. JPMC denies the allegations in paragraph 28 of the Complaint.

**Breach of Contract**

29. The averments in paragraph 29 of the Complaint are legal statements in the form of recitations of case law and no response to such legal statements is required.

30. The averments in paragraph 30 of the Complaint are legal statements in the form of recitations of case law and no response to such legal statements is required.

31. The averments in paragraph 31 of the Complaint are legal statements in the form of recitations of case law and no response to such legal statements is required.

32. The averments in paragraph 32 of the Complaint are legal statements in the form of recitations of case law and no response to such legal statements is required.

33. JPMC denies the allegations in paragraph 33 of the Complaint.

34. JPMC denies the allegations in paragraph 34 of the Complaint.

**Suit to Remove Cloud and Quiet Title**

35. The averments in paragraph 35 of the Complaint are legal statements in the form of recitations of case law and no response to such legal statements is required.

36. The averments in paragraph 36 of the Complaint are legal statements in the form of recitations of case law and no response to such legal statements is required.  JPMC denies the remaining allegations in paragraph 36 of the Complaint.

37. JPMC denies the allegations in paragraph 37 of the Complaint.

Declaratory Judgment

38. The averments in paragraph 38 of the Complaint are legal statements in the form of recitations and no response to such legal statements is required.

39. JPMC is without sufficient information to admit or deny the allegations in paragraph 39 of the Complaint and therefore denies same.

40. JPMC denies Plaintiffs are entitled to the relief requested in paragraph 40 of the Complaint.

41. JPMC is without sufficient information to admit or deny the allegations in paragraph 41 of the Complaint and therefore denies same.

42. JPMC admits the allegations in paragraph 42 of the Complaint.

43. JPMC denies Plaintiffs are entitled to the relief requested in paragraph 43 of the Complaint.

Permanent Injunction

44. JPMC denies Plaintiffs are entitled to the injunctive relief sought in paragraph 44 and its subparagraphs.

### VII.   ATTORNEYS FEES

45. JPMC denies the allegations in paragraph 45 of the Complaint.

46. JPMC denies the allegations in paragraph 46 of the Complaint.

### VIII.   CONDITIONS PRECEDENT

47. JPMC denies the allegations in paragraph 47 of the Complaint.

### IX.   DEMAND FOR JURY TRIAL

48. JPMC admits Plaintiffs made a jury demand in the Complaint.

## X. PRAYER FOR RELIEF

JPMC denies Plaintiffs are entitled to any of the relief listed in their prayer for relief.

Except as expressly admitted herein, JPMC denies the allegations in the Complaint.

### ADDITIONAL DEFENSES

Defendant JPMC pleads the following matters in defense, should the same be necessary:

1. Defendant specifically denies that all conditions precedent to Plaintiffs' claims for recovery have occurred or been met.

2. Plaintiffs' claims are barred by the statute of limitations.

3. To the extent Plaintiffs seek to invalidate the lien created by the Security Instrument due to alleged constitutional violations, the lien interest in the subject property is preserved through equitable subrogation principles to the extent $128,954.07 of the loan proceeds were utilized to pay off and secure release of a valid pre-existing lien encumbering the Property.

4. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no compensable damages.

5. Plaintiffs' reliance on forfeiture as a liquidated damage under the Security Instrument is an unenforceable penalty.

6. Plaintiffs fail to state a claim upon which relief may be granted.

7. Plaintiffs are not entitled to recover attorneys' fees on one or more of their claims.

8. JPMC seeks credit or offset for amount owed under the subject note.

9. Plaintiffs' exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

10. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

11. Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands.

WHEREFORE, PREMISES CONSIDERED, JPMorgan Chase Bank, N.A. prays that Plaintiffs take nothing by this suit and that the Security Instrument be determined to be valid and enforceable. Alternatively, in the event the Security Instrument is declared unenforceable due to a constitutional violation, JPMC prays that a lien be acknowledged by equitable subrogation against the Property in the amount of $128,954.07, plus interest at the rate of 6.0% per annum, accruing from the date of the payoff of the pre-existing lien and a declaration that such lien can be foreclosed in accordance with the terms of the pre-existing lien, and such other and further relief in equity or law to which it is entitled.

Respectfully submitted,

*/s/ Marcie L. Schout*
WM. LANCE LEWIS
Texas Bar No. 12314560
MARCIE L. SCHOUT
Texas Bar No. 24027960
**QUILLING, SELANDER,**
**LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
mschout@qslwm.com

**ATTORNEYS FOR DEFENDANT**
**JPMORGAN CHASE BANK, N.A.**